Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3326 | **DATE** | May 29, 2001 |
| **CASE TITLE** | Classic Amenities v. Verbeke | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM OPINION regarding the report and recommendation of Magistrate Nolan. Plaintiff may file a fee petition by June 7, defendants may respond to the petition by June 21, and plaintiff may reply by July 2, 2001.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| x | Notices MAILED by judge's staff. | | JUN 04 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to _____ | 01 MAY 31 PM 4:51 | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

00-3326.011                                                May 29, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CLASSIC AMENITIES, INC.,  )
                          )
       Plaintiff,         )
                          )
       v.                 )   No. 00 C 3326
                          )
EDMOND VERBEKE, EMPIRE    )
AMENITIES, INC., and READY)
CARE INDUSTRIES,          )
                          )
       Defendants.        )

DOCKETED
JUN 0 4 2001

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiff's objections to the Report and Recommendation of Magistrate Judge Nan R. Nolan concerning defendants' failure to produce documents in discovery. They had produced virtually no documents despite plaintiff's repeated requests and an order by this court that they comply with all outstanding discovery. Plaintiff finally moved for a Rule to Show Cause, and we referred the motion to Judge Nolan for a hearing and a recommendation.

Judge Nolan conducted an all-day hearing on April 23, 2001, and on April 30, 2001 filed an 18-page report containing her findings and recommendation. The report is thorough, as was the hearing. What the report makes clear is that each of the defendants was guilty of a blatant disregard of his or its discovery obligations. The defendants falsely denied to the

plaintiff, to this court and to Judge Nolan that the requested documents existed, only to admit during and after the hearing that the documents, numbering in the thousands, had existed all along. The excuses given by the defendants for their continuous failure and refusal to produce were discounted by Judge Nolan, who found that ". . . Defendants' failure to comply with Classic's discovery requests constitutes 'contumacious conduct,' warranting the imposition of sanctions, and that this conduct is unmitigated by Defendants' long overdue offer to comply." (Report at 16.) This conclusion is fully justified.

Judge Nolan recommended that this court order defendants to bear the costs of producing all of the documents to the plaintiff and that defendants be ordered to pay all of the plaintiff's reasonable attorneys' fees and costs incurred as a result of the defendants' failure to comply with the discovery rules and this court's production order. She declined to recommend the more stringent remedies sought by plaintiff, namely, that the defendants' pleadings be stricken, that facts be deemed admitted and that judgment be entered for plaintiff. Judge Nolan expressed the view that unless the May 1 trial date were enforced, plaintiff would not be likely to suffer a degree of prejudice from the non-production that would justify such drastic relief.

\* \* \* \*

Defendants do not object to Judge Nolan's Report and

Recommendation. Plaintiff's objection is that it has been prejudiced by defendants' conduct whether or not the trial date is continued (which it has been). But plaintiff does not point to any specific problem it has encountered as a result of the late production of the documents. (It does not appear, for instance, that defendants have destroyed evidence, making it difficult or impossible for plaintiff to prove some aspect of its case.) Rather, plaintiff makes the novel argument that it will be prejudiced by having to deal with opponents who, by virtue of their discovery tactics and false excuses, have shown themselves to be dishonest. Plaintiff argues that "If this matter were to proceed to trial, Classic would be left with examining non-credible witnesses whose reputation for truthfulness has been seriously undermined." (Plaintiff's Objection at 10.) Because it finds itself in such a predicament, plaintiff believes it is entitled to judgment in its favor on both its complaint and the defendants' counterclaims.

As Judge Nolan points out, the remedy for discovery violations should not be disproportionate to the offense. What we have here is inexcusable delay, and that warrants a sanction; but a judgment on the merits, or entry of the kinds of preclusive orders the plaintiff seeks, are out of proportion to defendants' misconduct and any actual prejudice the plaintiff has sustained. We adopt Judge Nolan's recommendation that such a sanction not be imposed.

We agree that defendants should be required to pay the reasonable fees and expenses plaintiff has incurred in obtaining the discovery to which it was entitled, and we will require that. But this does not seem to us a sufficient sanction. This cost-shifting is actually required by the last paragraph of Rule 37, absent extraordinary circumstances, which certainly do not exist here. If all defendants were required to do was to pay the expenses that the rule itself requires they pay, their penalty for all their stonewalling would be simply what they bargained for. We believe the contumacious character of defendants' conduct calls for a monetary penalty over and above merely being required to compensate plaintiff for the unnecessary expenses defendants have caused.

Rule 37(b)(2) provides that "the court in which the action is pending may make such orders in regard to the failure [to obey an order to provide discovery] as are just," and enumerates several possible sanctions. Although Rule 37(b) does not specifically provide for the imposition of a fine, its language makes clear that the sanctions listed are "among others" and are not intended to be exclusive. See 8A Charles Alan Wright et al., Federal Practice and Procedure § 2284, at 612 (2d ed. 1994); Danis v. USN Communications, Inc., No. 98 C 7482, 2000 WL 1694325, at *51 (N.D. Ill. Oct. 23, 2000). Thus, the Rule permits, in addition to

reimbursement of plaintiff for its fees and expenses, the imposition of a sanction in the form of a fine that is paid to the court.[1] See, e.g., Danis, 2000 WL at *51 (defendant ordered to pay $10,000 fine to the court); Winters v. Textron, Inc., 187 F.R.D. 518, 521-22 (M.D. Pa. 1999) (defendant ordered to pay $10,000 fine to the Clerk of the Court); Miltope Corp. v. Hartford Cas. Ins. Co., 163 F.R.D. 191, 195 (S.D.N.Y. 1995) (plaintiff ordered to pay $1,000 fine to the Clerk of the Court). The purposes of such a fine are essentially punitive and deterrent. See J.M. Cleminshaw Co. v. City of Norwich, 93 F.R.D. 338, 352 n.11 (D. Conn. 1981). Federal courts also have inherent power to punish conduct that abuses the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Diettrich v. Northwest Airlines, Inc., 168 F.3d 961, 964 (7th Cir. 1999).

We believe that an appropriate fine against each of the defendants would be the sum of $2,500. Each of the defendants is ordered to pay to the Clerk of the Court the sum of $2,500 by July 23, 2001 and to furnish the court with a copy of a receipt from the Clerk within seven days after payment.

In addition, plaintiff may file a fee petition by June 7, defendants may respond to the petition by June 21, and plaintiff may reply by July 2, 2001.

---

[1] A finding of contempt is not necessary to impose such a monetary sanction. See Pereira v. Narragansett Fishing Corp., 135 F.R.D. 24, 27 (D. Mass. 1991).

Date:     May 29, 2001

ENTER:    _____
          John F. Grady, United States District Judge